UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

JESSE R. MCNUTT  MOVANT/APPELLANT

v.  MISCELLANEOUS ACTION NO. 5:12MC-2-R

TAX LIEN SERVICING, LLC  APPELLEE
STEPHEN COOK SANDERS  INTERVENING DEFENDANT

### MEMORANDUM OPINION

Jesse R. McNutt initiated this action by filing a *pro se* "Notice of Appeal to the United States District Court From a Judgment & Order of the Kentucky Supreme Court File No. :11-CI-00291." In the caption of the "Notice of Appeal," McNutt designates himself as "Movent/Appellant"; designates Tax Lien Servicing, LLC as Appellee; and designates Stephen Cook Sanders as Intervening Defendant. He does not attach a copy of the Judgment and Order from which he attempts to appeal and does not indicate the subject matter of the state action. He attaches a "Notice of Understanding and Intent Claim of Right and Independence," but the Court is unable to garner what the notice has to do with the appeal.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Upon consideration of the matter, the Court concludes that it is without jurisdiction to review the judgment of the Kentucky Supreme Court pursuant to the *Rocker-Feldman* doctrine. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

> That doctrine, a combination of the abstention and res judicata doctrines, stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. A party raising a federal question must appeal a state court

>decision through the state system and then directly to the Supreme Court of the United States.

*United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995); *Johnson v. Ohio Supreme Court*, 156 F. App'x 779, 781 (6th Cir. 2005) ("The *Rooker-Feldman* doctrine maintains the jurisdictional distribution in the federal courts by insuring that the federal district courts exercise only original jurisdiction."); *Howard v. Whitbeck*, 382 F.3d 633, 638 (6th Cir. 2004) ("The *Rooker-Feldman* doctrine . . . bars attempts by a federal plaintiff to receive appellate review of a state-court decision in a federal district court.").

Because "[f]ederal jurisdiction over appeals from state courts is vested exclusively in the United States Supreme Court by 28 U.S.C. § 1257," *Johnson*, 156 F. App'x at 781, Plaintiff's appeal to this Court of a Judgment and Order of the Kentucky Supreme Court must be dismissed for lack of subject-matter jurisdiction.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:   Movant/Appellant, *pro se*
4413.005